UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARMEN PEREZ-DICKSON                  JURY TRIAL DEMANDED
    Plaintiff

V.

BRIDGEPORT BOARD OF
EDUCATION, DR. SANDRA
KASE, PAUL VALLAS                      JANUARY 31, 2015
    Defendants

## COMPLAINT

1. The Plaintiff, Carmen I. Perez-Dickson, is a black, Hispanic female of Puerto Rican descent, a citizen of the United States and is a resident of the City of Bridgeport, Connecticut.

2. The Defendant, the Board of Education of the City of Bridgeport, Connecticut (hereinafter referred to as "The Board") is a municipal corporation duly organized and existing under the laws of the State of Connecticut and maintains offices and a place of business in the City of Bridgeport, Fairfield County, and State of Connecticut.

3. The Defendant, Dr. Sandra Kase (hereinafter referred to as "Kase") was at all times material herein an employee of the Board as Chief Administrative Officer. Kase is here sued in her Individual Capacity. The Defendant, Dr. Paul Vallas (hereafter referred to as "Vallas") was at all times material herein an employee of the Board as Superintendent. Vallas is here sued in his Individual Capacity.

4. At all relevant times mentioned herein, the Plaintiff, who was assigned by the Board as an elementary school principal at the Jettie Tisdale School in Bridgeport, Connecticut, was duly certified to serve in this capacity pursuant to the laws of the State of Connecticut and at all times mentioned herein performed her responsibilities in an exemplary manner.

5. Over a period of many years, including but not limited specifically to July 30, 2012, Plaintiff has engaged in protected speech regarding the "the inability of school administrators to handle children who are disciplinary problems adds to the instability of the entire classroom, an entire school and to the education system in general." Plaintiff's speech on matters of public concern resulted in her being treated in a discriminatory and retaliatory manner.

6. On or about July 9, 2012 Plaintiff was placed on administrative leave with pay as a result of two allegations of student abuse that were made against her. The allegations of student abuse concerned incidents that had occurred in March 2012.

7. Plaintiff was placed on administrative leave with pay by Defendant Kase who, upon information and belief, had been delegated authority to do so by Defendant Vallas.

8. The placement of Plaintiff on administrative leave was both racially discriminatory and retaliatory. Similarly situated employees were not placed on administrative leave as was Plaintiff. Defendants maintained a policy and practice of engaging in racially disparate treatment of similarly situated employees.

9. On October 31, 2013 Plaintiff was given a six month suspension without pay for alleged student abuse.

10. On or about April 31, 2014 Plaintiff was returned to work from her six month suspension without pay.

11.     Since her return to work from suspension, Plaintiff has not been granted the same rights and privileges as other administrators. Plaintiff has not been assigned a regular work site or work assignment. Plaintiff was the only administrator who was not permitted to participate in a professional development retreat during the week of June 27, 2014.

12.     Defendants withdrew ten (10) days of accumulated sick leave that Plaintiff had been entitled to.

13.     Plaintiff was required to renew her administrator's certification every five years. As part of the certification process, Plaintiff is required to obtain a statement from the school district regarding her qualifications.

14.     On or about May 30, 2014 Defendants provided information to the State Department of Education that contended Plaintiff had not met the qualifications to be re-certified as an administrator.

15.     On or about February 28, 2014 Defendants provided documents to the State Department of Education that falsely accused Plaintiff of engaging in student abuse.

16.     On or about June 30, 2014 Defendants provided documents to the State Department of Education that deliberately misrepresented Plaintiff's placement on administrative leave over the subject matter of student abuse

17.      Upon information and belief, Defendants provided the certification qualification document and other documents that it did with the specific intent to cause Plaintiff to not be re-certified.

18.     On or about August 2014 Plaintiff was notified by the State Department of Education that her licensure as an administrator would not be renewed.

**COUNT ONE:**     **RACE DISCRIMINATION, 42 U. S. C. § 1983 (As to Board)**

Paragraphs 1 through 18 are incorporated by reference and are made paragraphs 1 through 18 of this Count One.

19.    By the conduct alleged Defendant Bridgeport Board of Education was motivated by Plaintiff's race, ethnicity and/or color and as such constitutes a violation of Plaintiff's rights enumerated in 42 U.S.C. § 1981 as enforced by 42 U.S.C. § 1983.

20.    Defendants maintained a policy, practice and custom of discriminating against minority administrators based upon their race and/or ethnicity.

21.    Plaintiff has been damaged thereby.

**COUNT TWO:**     **RACE DISCRIMINATION, 42 U. S. C. § 1983 (As to Kase)**

Paragraphs 1 through 18 are incorporated by reference and are made paragraphs 1 through 18 of this Count Two.

19.    By the conduct alleged Defendant Dr. Sandra Kase was motivated by Plaintiff's race, ethnicity and/or color and as such constitutes a violation of Plaintiff's rights enumerated in 42 U.S.C. § 1981 and as enforced by 42 U.S.C. § 1983.

20.    Defendant Kase maintained a policy, practice and custom of discriminating against minority administrators based upon their race and/or ethnicity.

21.    Plaintiff has been damaged thereby.

**COUNT THREE:**     **CONNECTICUT GENERAL STATUTES SECTION 31-51Q (As to Board)**

Paragraphs 1 through 18 are incorporated by reference and are made paragraphs 1 through 18 of this Count Three.

19.     The conduct alleged by Defendant Board was in retaliation for Plaintiff's protected free speech rights under the Connecticut Constitution.

20.     Plaintiff's speech was regarding a matter of public concern.

21.     Plaintiff's speech did not interference with the performance of her job duties as an employee of the Board, nor did it interfere with her working relationship with the employer.

22.     Plaintiff has been damaged thereby.

**COUNT FOUR:     RETALIATION, 42 U. S. C. § 1983** (As to Board of Education)

Paragraphs 1 through 18 are incorporated by reference and are made paragraphs 1 through 18 of this Count Four.

19.     By the conduct alleged Defendant Board of Education was motivated by a desire to retaliate against Plaintiff because of her complaint of racial/ethnicity and/or color discrimination and as such constitutes a violation of Plaintiff's rights enumerated in 42 U.S.C. § 1981 as enforced by 42 U.S.C. § 1983.

20.     Defendant Board maintained a policy, practice and custom of discriminating against minority administrators based upon their race and/or ethnicity.

21.     Plaintiff has been damaged thereby.

**COUNT FIVE:     RETALIATION, 42 U. S. C. § 1983** (As to Kase)

Paragraphs 1 through 18 are incorporated by reference and are made paragraphs 1 through 18 of this Count Five.

19.     By the conduct alleged Defendant Dr. Sandra Kase was motivated by a desire to retaliate against Plaintiff for having made a complaint of race, ethnicity and/or color and as such constitutes

a violation of Plaintiff's rights enumerated in 42 U.S.C. § 1981 as enforced through 42 U.S.C. § 1983.

20. Plaintiff has been damaged thereby.

**COUNT SIX:** **RETALIATION, 42 U. S. C. § 1983** (As to Vallas)

Paragraphs 1 through 18 are incorporated by reference and are made paragraphs 1 through 18 of this Count Six.

19. By the conduct alleged Defendant Dr. Paul Vallas was motivated by a desire to retaliate against Plaintiff for having made a complaint of race, ethnicity and/or color and as such constitutes a violation of Plaintiff's rights enumerated in 42 U.S.C. § 1981 as enforced through 42 U. S. C. § 1983.

20. Plaintiff has been damaged thereby.

**WHEREFORE**, Plaintiff prays that the Court grant such relief as may be deemed appropriate, including but not limited to:

(a) Compensatory damages;

(b) Punitive damages

(c) Attorney's fees and costs;

(d) Such other equitable remedies as the court deems proper.

> FOR THE PLAINTIFF
> CARMEN PEREZ-DICKSON
> By: */s/Josephine S. Miller*
> Josephine Smalls Miller, FED BAR 3ct27039
> 152 Deer Hill Avenue, Suite 302
> Danbury, CT 06810
> Tel: (203) 512-2795
> Fax: (203) 702-5188
> Email: jmillerlaw@sbcglobal.net