UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMEN PEREZ-DICKSON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:15-cv-00135-WWE |
| | : | |
| BRIDGEPORT BOARD OF EDUCATION, | : | |
| SANDRA KASE, and PAUL VALLAS, | : | |
| Defendants. | : | |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Carmen Perez-Dickson brings this employment discrimination action against defendants Bridgeport Board of Education, Sandra Kase, and Paul Vallas. Perez-Dickson is a Black Hispanic who alleges that defendants discriminated against her based on her race or ethnicity. Perez-Dickson also alleges that defendants retaliated against her based on (1) her complaints of racial discrimination and (2) her exercise of free speech pursuant to the Connecticut Constitution.

Defendants have filed a motion to dismiss plaintiff's complaint in its entirety. For the following reasons, defendants' motion will be granted.

Familiarity with the underlying facts and procedural history of this case is presumed.

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual

1

allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual

allegations in those contexts where such amplification is needed to render the claim plausible.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In a prior action between these parties (*"Perez-Dickson I"),* this court concluded that

plaintiff had proffered insufficient evidence of similarly situated comparators to admit an

inference of discriminatory purpose. 13-cv-198 (WWE). Plaintiff similarly failed to adduce

evidence showing that the challenged actions were pretext for retaliation. Accordingly, summary

judgment was granted in favor of defendants. On *de novo* review, the Second Circuit agreed:

> Not only did none of the cited comparators hold the position of principal, but also,
> most were accused of a single act of abuse, not the multiple acts charged to plaintiff,
> each of which was preserved on videotape. Like the district court, we further
> conclude that, even if plaintiff had carried her prima facie burden, she failed to
> adduce evidence that would allow a reasonable fact finder to conclude that, in the
> face of the serious (and documented) allegations of student abuse by plaintiff,
> defendants' actions in placing her on paid administrative leave pending
> investigation were a pretext for race discrimination.

Perez Dickson v. Bridgeport Board of Education, 2017 WL 362771, at *2 (2d Cir. Jan. 24,

2017).

This court previously dismissed the instant case ("*Perez-Dickson II")* as duplicative of

*Perez-Dickson I.* The court reasoned that because plaintiff could have moved to add the

allegations contained in this case to the prior action but failed to do so within the schedule

prescribed by the magistrate judge, plaintiff should not be permitted to circumvent the unmet

deadlines by filing a duplicative action. These additional claims are of such a nature that they

could have and should have been joined in the first action. Nevertheless, the Second Circuit, in

Curtis v. Citibank, N.A., held that a "plaintiff has no continuing obligation to file amendments to

the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on

those later-arising claims." 226 F.3d 133, 139 (2d Cir. 2000).  Accordingly, the Second Circuit remanded *Perez-Dickson II*.  Defendants now move to dismiss the case in its entirety.

*Perez-Dickson II* adds claims that, subsequent to being placed on paid administrative leave (the subject of *Perez-Dickson I*), plaintiff was given a six month suspension *without pay* and was not granted the same rights and privileges as other administrators.  Further, in August 2014, plaintiff was notified by the State Department of Education that her licensure as an administrator would not be renewed.  Finally, plaintiff alleges that defendants' actions were not based on serious, documented allegations of student abuse, but were instead retaliation for plaintiff's speech in 2012 concerning "the inability of school administrators to handle children who are disciplinary problems."

While cognizant of its duty to accept all well-pleaded allegations as true, for purposes of efficiency and fairness, the court takes judicial notice of the records of *Perez-Dickson I*.

**Dr. Kase and Mr. Vallas**

Dr. Sandra Kase was Chief Administrative Officer and Paul Vallas was Superintendent of Schools until their employment with the Bridgeport Board of Education ended in February 2014.

Defendants argue that Dr. Kase and Mr. Vallas should be dismissed from this case, as plaintiff's suspension without pay was decided by the Board of Education.  Kase and Vallas were not members of the Board.  Moreover, Kase and Vallas had left the employ of the Board altogether when the remaining adverse actions occurred, including the nonrenewal of plaintiff's administrator certificate.  The State of Connecticut, not Kase and Vallas, declined to renew plaintiff's administrator certificate.

In response, plaintiff cites Staub v. Proctor Hosp., 562 U.S. 411 (2011) for the proposition that a supervisor who provides discriminatory reasons that are relied upon by the

ultimate decision maker cannot escape liability. Pl.'s Resp. at 16 [ECF No. 60]. Plaintiff

contends that this is the cat's paw theory and argues that under this theory neither Kase nor

Vallas are shielded from liability.

But, "Staub had brought a 'cat's paw case,' meaning that *he sought to hold his employer*

*liable for the animus of a supervisor* who was not charged with making the ultimate employment

decision." Staub, 562 at 415 (emphasis added); see also Vasquez v. Empress Ambulance

Service, Inc., 835 F.3d 267, 271-75 (2d Cir. 2016) (explaining cat's paw liability). Plaintiff's

argument is not persuasive because, in the Second Circuit, the cat's paw theory of liability does

not hold employees responsible for decisions made by the employer. It does the converse.

"Within the Second Circuit, however, the cat's paw theory of liability has been recognized only

as a vehicle for holding an employer liable for the actions of a supervisor or other employee

having influence over a supervisor, rather than holding a subordinate employee liable for the

actions of a supervisor." Cole-Hoover v. McDonald, 2015 WL 11142684, at *17 (W.D.N.Y.

Dec. 15, 2015). Accordingly, the claims against Kase and Vallas will be dismissed.

**Race Discrimination under 42 U.S.C. § 1983**

Claims of race and ethnicity discrimination pursuant to Section 1983 are analyzed under

the burden-shifting framework set forth in McDonnell Douglas Corp. v Green, 411 U.S. 792

(1973). Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010). Under this framework, a

plaintiff must first establish a *prima facie* case of discrimination by showing that (1) she is a

member of a protected class; (2) she was qualified for the position she held; (3) she suffered an

adverse employment action; and (4) the adverse action took place under circumstances giving

rise to the inference of discrimination. Id.

While understanding that the court is considering a motion to dismiss, not a motion for summary judgment, the court is also attentive to a plaintiff's obligation to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. See Iqbal, 556 U.S. at 678. In *Perez-Dickson I*, this court and the Second Circuit agreed that, after discovery, plaintiff had failed to adduce evidence that defendants' actions in placing plaintiff on paid administrative leave pending investigation were a pretext for race discrimination. Nevertheless, the only allegation in plaintiff's instant complaint that addresses an inference of discrimination is at paragraph 8 of the complaint, where plaintiff again alleges that similarly situated, unidentified employees were not placed on *paid administrative leave*. Such allegation is not only implausible but also has already been decided in defendants' favor at summary judgment. See Perez Dickson at *2 ("On *de novo* review, we agree that plaintiff failed to adduce admissible evidence showing that identified comparators were similarly situated to her in all material respects."). It is clear that plaintiff's instant complaint requires amplification to render it plausible. Accordingly, plaintiff's claims of race or ethnicity discrimination will be dismissed.

**Retaliation under 42 U.S.C. § 1983 and § 31-51Q**

Plaintiff's retaliation claims are analyzed pursuant to Title VII principles. See Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010). To establish a *prima facie* case of retaliation, an employee must demonstrate (1) participation in a protected activity; (2) defendants' knowledge of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action. Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir. 2005). Here, again, plaintiff's complaint fails to allege a plausible causal connection between protected activity and adverse employment action.

Defendants argue that plaintiff cannot rely solely on temporal proximity between her allegedly protected speech that occurred in 2012 and adverse employment actions that occurred 15 months later, in October 2013, when she was suspended. Plaintiff responds that an intervening pattern of antagonism between the protected speech and the adverse employment action can be sufficient to support a claim of retaliation. But plaintiff did not allege such a pattern here. Moreover, the "antagonistic" actions plaintiff describes in her response as "a prolonged and extended series of investigations" are consistent with a formal inquiry into allegations of documented child abuse by a school principal; they are not indicative of racial animus. Plaintiff's retaliation claims will be dismissed.

**Amendment of the Complaint**

Plaintiff has requested leave to amend her complaint in the event that the court finds it deficient. The court will grant plaintiff leave to file a motion to amend. Plaintiff's motion to amend must explain how amendment of the complaint will not be futile in light of this ruling. Defendants shall have 14 days to respond.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED. Plaintiff shall have until February 1, 2018, to move to amend her complaint. Failure to meet this deadline will result in dismissal of the case.

Dated this 18th day of January, 2018, at Bridgeport, Connecticut.

/s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE